# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONDELL BRUCE,<br><br>                    Petitioner,<br><br>          v.<br><br>MARY SABOL, et al.,<br><br>                    Respondents. | CIVIL ACTION NO. 1:16-CV-01797<br><br>(CALDWELL, J.)<br>(MEHALCHICK, M.J.) |

## REPORT AND RECOMMENDATION

On August 29, 2016, the Court received and filed a counseled petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2241, filed on behalf of Petitioner, Rondell Bruce, a legal permanent resident of the United States, and a citizen and native of Guyana, who challenges the constitutionality of his continued detention pursuant to 8 U.S.C. § 1226(c) without an individualized bond hearing and determination to justify his detention. (Doc. 1). Petitioner seeks immediate release from ICE custody or alternatively, an order directing that an individualized bond hearing be conducted. On September 20, 2016, Respondents filed a response to the petition (Doc. 3), in which they indicate that they concur in Petitioner's request for a bond hearing in this matter.

### I.  FACTUAL BACKGROUND

On April 10, 2015, Bruce was convicted in the Court of Common Pleas of Berks County for the offense of possession with intent to deliver a controlled substance. (Ex. 1 at 3; Ex. 2 at 3.) On July 10, 2015, for the referenced crime, a sentence of two (2) years of probation was imposed. (Id.) On July 10, 2015, immigration officials took Bruce into custody and served him with a Notice to Appear. (Ex. 1 at 2; Ex. 2 at 2.) The Notice informed Bruce that he was

removable from the United States pursuant to section 237(a)(2)(B)(i) because he had been convicted for conspiracy or attempt to violate any law or regulation relating to a controlled substance (as defined in Section 102 of the Controlled Substance Act, 21 U.S.C § 802), other than a single offense involving possession for one's own use of 30 grams or less or marijuana. (Ex. 1 at 3.) On October 8, 2015, an immigration judge ordered Bruce to be removed to Guyana. (Ex. 4 (Order of the Immigration Judge).) Bruce appealed the immigration judge's decision and the appeal is currently pending before the Board of Immigration Appeals ("BIA"). (Ex. 5 (Filing Receipt for BIA).) Bruce filed the petition before this Court on August 29, 2016, and Respondents filed their response on September 20, 2016, in which they concur in Petitioner's request for a bond hearing.

## II. DISCUSSION

In *Demore v Kim*, 538 U.S. 510 (2003), the Supreme Court examined the mandatory detention provision contained within 8 U.S.C. § 1226(c), the pre-removal detention statute applicable to aliens convicted of certain crimes. In *Demore*, the Supreme Court upheld the mandatory detention provision against a due process challenge, affirming its "longstanding view that the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." 530 U.S. at 526. Although the Supreme Court held in *Demore* that detention pursuant to § 1226(c), without an individualized bond determination hearing, does not *ipso facto* violate due process, that holding was grounded in repeated reference to the brevity of the removal proceedings. *Id.* at 664. Indeed, the Supreme Court remarked that a definite termination point exists with respect to removal proceedings, which rarely exceeds "a month and a half" in the majority of cases, and about five months "in

the minority of cases in which the alien chooses to appeal." *Demore*, 538 U.S. at 530. Following these Supreme Court cases, the Third Circuit Court of Appeals in *Diop v. ICE/Homeland Security*, 656 F.3d 221 (3d Cir. 2011), relying on *Demore*, held that § 1226(c) "implicitly authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community." *Diop*, 656 F.3d 221, 235 (3d Cir. 2011) (citing *Zadvydas,* 533 U.S. at 682, 699 (reading § 1231 to contain an implicit "reasonable time" limitation on the length of post-removal detention)).With respect to the duration of pre-removal detention without a bond hearing, the Third Circuit rejected a categorical time limit on pre-removal detention pursuant to § 1226(c), embracing instead a flexible, "reasonableness" approach. Specifically, as the Third Circuit articulated:

> Reasonableness, by its very nature, is a fact-dependent inquiry requiring an assessment of all of the circumstances of any given case. That being said, we note that the reasonableness of any given detention pursuant to § 1226(c) is a function of whether it is necessary to fulfill the purpose of the statute.

> *Diop*, 656 F.3d at 234.

The Third Circuit in *Diop* held that the petitioner's thirty-five month detention had become unreasonably prolonged. However, it "decline[d] to establish a universal point at which detention will always be considered unreasonable." Indeed, the Third Circuit did not define reasonableness. Instead, it offered only general guidelines to take into account when making a reasonableness determination, such as an "individual detainee's need for more or less time, . . . the exigencies of a particular case, [and] errors in the proceedings that cause unnecessary delay." *Diop*, 656 F.3d at 234. The Third Circuit did warn, however, that "the constitutional

case for continued detention without inquiry into its necessity becomes more and more suspect as detention continues past [certain] thresholds." *Diop,* 656 F.3d at 232, 234.

More recently, in *Chavez–Alvarez v. Warden York County Prison,* 783 F.3d 469 (3d Cir. 2015), the Third Circuit, again entertaining a due process challenge in the context of mandatory detention under § 1226(c), defined the contours of those thresholds referenced in *Diop*. Specifically, the Third Circuit in *Chavez-Alvarez* held that in cases where a petitioner brings a good faith challenge to his or her removal from the United States: "beginning sometime after the six-month time frame considered by *Denmore*, and certainly by the time [the alien] ha[s] been detained for one year, the burdens to [the petitioner's] liberties outweigh[ ] any justification for using presumptions to detain him without bond to further the goals of [Section 1226]." *Id.* at 478. Thus, the Third Circuit instructed that, where a petitioner's detention extends beyond the point where his liberties outweigh the justifications for continued detention without a bond hearing under § 1226(c), as occurred sometime between six months and one year in *Chavez-Alvarez*, a court reviewing the detention should order a bond hearing to determine whether continued detention is required. In the case of the petitioner in *Chavez-Alvarez*, nine months was found to have "strain[ed] any common-sense definition of a limited or brief civil detention." *Chavez–Alvarez,* 783 F.3d at 477.

### III. R__ECOMMENDATION__

Based on the foregoing, together with Respondents' concurrence in Petitioner's request for a bond hearing, it is recommended that:

1. Petitioner's petition for writ of habeas corpus (Doc. 1) be **GRANTED IN PART** to the extent that Petitioner be afforded an individualized bond hearing.

2. Within a specified period following the adoption of this Report, an immigration judge shall afford the Petitioner an individualized bail hearing. At this hearing, the immigration judge must make an individualized inquiry into whether detention is still necessary for the purposes of ensuring that the Petitioner attends removal proceedings and that his release will not pose a danger to the community. *Chavez–Alvarez v. Warden York Cnty. Prison,* 783 F.3d 469, 475 (3d Cir. 2015). Further, the government bears the burden of presenting evidence at this hearing and proving that Petitioner's continued detention is necessary to fulfill the purposes of the detention statute. *Diop v. ICE/Homeland Sec.,* 656 F.3d 221, 233 (3d Cir. 2011).

3. The parties shall report to the District Court on the outcome of the individualized bail determination **no later than three (3) days** after the immigration judge's hearing.

4. If the immigration judge does not hold an individualized bond hearing consistent with the legal benchmarks outlined in this Report and Recommendation, the District Court will conduct its own bond determination, under the standards governing bail in habeas corpus proceedings, at a date and location to be determined.

**Dated: October 13, 2016**                                     **BY THE COURT:**

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONDELL BRUCE,<br><br>    Petitioner,<br><br>v.<br><br>MARY SABOL, et al.,<br><br>    Respondents. | CIVIL ACTION NO. 1:16-CV-01797<br><br>(CALDWELL, J.)<br>(MEHALCHICK, M.J.) |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **October 13, 2016**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: October 13, 2016              *s/ Karoline Mehalchick*
                              **KAROLINE MEHALCHICK**
                              **United States Magistrate Judge**