UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

RONDELL BRUCE, :
    Petitioner :
 :
v. : CIVIL NO. 1:16-CV-1797
 :
MARY SABOL, et al., :
    Respondents :

*O R D E R*

AND NOW, this 4th day of November, 2016, upon review of Magistrate Judge Karoline Mehalchick's Report and Recommendation (Doc. 4) filed on October 13, 2016, Respondents' objection,[1] and independent review of the record, IT IS ORDERED that the Report and Recommendation is ADOPTED as follows:

1. Petitioner's § 2241 petition is GRANTED IN PART as to his request for an individualized bond hearing before an Immigration Judge.

2. Petitioner's § 2241 petition is DENIED IN PART as to his request for immediate release.

3. The Immigration Judge shall afford Petitioner an individualized bond hearing within TWENTY-ONE (21) DAYS of the date of this Order. At this hearing, the Immigration Judge shall make an individualized inquiry into whether detention is still necessary for the purposes of ensuring that the Petitioner attends removal proceedings and that his release will not pose a

---

[1] Respondents filed a partial objection to the Report and Recommendation. (Doc. 5). While Respondents did not object to the recommendation that Petitioner be granted a bond hearing, Respondents requested that we "expressly require [Petitioner] to administratively exhaust with the BIA any challenge he may have to the immigration judge's decision." (Id. at 6). Upon review of Respondents' objection and the relevant case law, we decline Respondents' requested disposition.

danger to the community. *Chavez-Alvarez v. Warden York Cty. Prison*, 783 F.3d 469, 475 (3d Cir. 2015).

4. The Government bears the burden of presenting evidence at this hearing and proving that Petitioner's continued detention is necessary to fulfill the purposes of the detention statute. *Diop v. ICE/Homeland Sec.,* 656 F.3d 221, 233 (3d Cir. 2011).

5. The parties shall report to the Court on the outcome of the individualized bail determination NO LATER THAN THREE (3) DAYS after the Immigration Judge's hearing.

6. The Court shall retain jurisdiction in this matter for the purpose of ensuring that Petitioner receives the individualized bond hearing to which he is entitled pursuant to *Chavez-Alvarez* and this Order.

7. If the Immigration Judge does not hold an individualized bond hearing consistent with the legal benchmarks outlined in this Order, the Court will conduct its own bond determination, under the standards governing bail in habeas corpus proceedings, at a date and location to be determined.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge